On February 7, 1986, the Stark County Grand Jury indicted appellant, David Russell, on one count of aggravated burglary in violation of R.C.2911.11 and one count of rape in violation of R.C. 2907.02. Said charges arose from an incident wherein appellant broke into a residence and raped the woman who lived there, Patricia Pigott.
On July 29, 1986, appellant pled guilty as charged. By judgment entry filed July 31, 1986, the trial court sentenced appellant to an aggregate indeterminate term of ten to twenty-five years in prison.
On May 22, 2000, a hearing was held to determine appellant's status pursuant to the Sex Offender Registration Act, R.C. Chapter 2950. By judgment entry filed May 24, 2000, the trial court classified appellant as a "sexual predator."
Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE HOUSE BILL 180 (HEREINAFTER H.B. 180) PROCEEDINGS AGAINST HIM ON EX POST FACTO GROUNDS.
 II. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON DOUBLE JEOPARDY GROUNDS.
 III. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE H.B. 180 IS UNCONSTITUTIONALLY VAGUE.
 IV. THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING.
 I, II, III
This court has previously reviewed these arguments in State v. RoyceAlbaugh (February 1, 1999), Stark App. Nos. 1997CA00167 and 1997CA00222, unreported, State v. Earl Bair (February 1, 1999), Stark App. No. 1997CA00232, unreported, and Frederick A. McIntyre (February 1, 1999), Stark App. No. 1997CA00366, unreported. We hereby adopt and incorporate the corresponding assignments of error from these opinions herein.
Assignments of Error I, II and III are denied.
 IV
Appellant claims the trial court's classification was inconsistent with the "clear and convincing evidence" standard of R.C. 2950.09(B)(3). We disagree.
In State v. Cook (1998), 83 Ohio St.3d 404, the Supreme Court of Ohio determined R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this assignment of error under the standard of review contained in C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279. We find this to be the applicable standard as theCook court addressed a similar challenge under a manifest weight standard of review. See, Cook at 426.
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination:
 (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses, including, but not limited to, all sexual offense;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
During the classification hearing, the state described appellant's acts as follows:
 Your Honor, in December of 1985 the defendant broke into the victim's home. A person he did not know. He forcibly raped that individual repeatedly over a one-and-a-half to two-hour time.
* * *
 The victim indicated that she was awakened, and at knife point, and was demanded to have sex with this individual. But prior to the defendant — prior to having sex with the victim, the defendant told the victim that he had been in the house. He went upstairs, saw that she had two children sleeping in the house. And this was about 4:00 o'clock 4:30 in the morning. And that the defendant told the victim that if she did not comply with his request to have these various types of sexual intercourse with him that he would kill her, and that if she died then he would go upstairs and forcibly have intercourse with the two children.
 He then proceeded to have sexual intercourse with her, oral intercourse was forced upon her, anal intercourse was forced upon her, and the whole time she was required to tell the defendant how much she was enjoying this. These are things he said while he was perpetrating this crime. And he repeated throughout that he would kill her and if he didn't have her then he would have the children he knew were sleeping upstairs.
 At some point during this one-and-a-half to two-hour area a three-year old daughter comes down. He yells at her. The defendant at some point grabs the three year old by the hair and is screaming at her. The girl finally gets into the mother's arms and is comforted.
He then leaves.* * *
T. at 5-7.
The trial court had before it various exhibits including a copy of the indictment (State's Exhibit 1), a copy of the plea and sentence (State's Exhibit 2), a copy of appellant's criminal history (State's Exhibit 3) and documents evidencing a conviction in Florida (State's Exhibit 4). The trial court relied on these exhibits finding appellant "had a prior criminal felony record in another state prior to this particular offense, that while the defendant committed the act of rape against only the mother, he did brutalize a three-year-old daughter, and the Court would consider that to be a victim of this offense, and, therefore, would include multiple victims." T. at 12. While the trial court acknowledged that appellant "has participated in certain programs while in the state institution," the trial court also found "his acts of brutality are of the highest degree" and "he showed no remorse." T. at 12-13. Based upon all the facts, the trial court concluded appellant should be classified as a "sexual predator" as defined in R.C. 2950.01(E).
Based upon our review of the record, we find the trial court's conclusion is supported by clear and convincing evidence and is not against the manifest weight of the evidence.
The Assignment of Error IV is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
 __________________ Farmer, J.
Hoffman, P.J. and Boggins, J. concur.